Philip S. **MOLINA**, an individual, Plaintiff—Appellant,

v.

**CITY OF OXNARD**; Edmund Sotelo, Defendants—Appellees.

No. 01–57096.
D.C. No. CV–00–02291–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Jan. 8, 2003.

---

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

### MEMORANDUM*

■ **1.** The district court erred in concluding that Molina's speech was not constitutionally protected. Molina's statements were not mere "employee grievance[s]" related to "personnel and internal affairs." *Cf. Connick v. Myers,* 461 U.S. 138, 151, 154, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (internal quotation marks omitted). Rather, they raised the possibility that some council members engineered a "sweetheart deal" with favored contractors at taxpayers' expense. The statements addressed "matters of public concern" and were thus entitled to "special protection." *Id.* at 145; *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568, 574–75, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). That Molina might have been speaking at times as an at-will employee during

closed council meetings, and not as a citizen in a public forum, does not alter our conclusion. *See Givhan v. W. Line Consol. Sch. Dist.,* 439 U.S. 410, 414, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

■ **2.** Viewing the evidence in the light most favorable to the non-moving party on a motion for summary judgment, we cannot agree that the government's interest in "promoting the efficiency of the public services" outweighs Molina's free expression interests. *Pickering,* 391 U.S. at 568. Molina presented contradictory evidence, most notably the testimony of other employees, that his financial opinions were well-supported and that his speech did not interfere with the operation of the department. City manager Sotelo's subjective beliefs alone are not enough to prove disruption. *See Waters v. Churchill,* 511 U.S. 661, 677, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994); *Allen v. Scribner,* 812 F.2d 426, 432 (9th Cir.1987). If the jury believes Molina's claims, the speech is constitutionally protected. *Pickering,* 391 U.S. at 568. The district court impermissibly weighed the evidence and resolved genuine issues of material fact against Molina. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**3.** The district court also erred in granting summary judgment against Molina on the ground that he would have been terminated even without the statements about the golf course contract. Molina has produced enough evidence to create a material issue of disputed fact about the real reasons for his termination, including comments by Sotelo and council member Holden that Molina should keep quiet, that

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"none of what [Molina] said was what the [c]ouncilmember wanted to hear," and that powerful people were going "after [him] with big guns" for the views he had expressed. *See Mt. Healthy*, 429 U.S. at 285–87. Big or not, these are definitely smoking guns.

4. Because Molina marshaled sufficient evidence for a jury to find that his speech was not disruptive but defendants fired him nonetheless, summary judgment on the ground of federal qualified immunity is improper. *Allen*, 812 F.2d at 436.

Nor is Sotelo entitled to state immunity for the state causes of action. Under California law, immunity may be granted only for "basic policy decisions," not routine duties "incident to the normal operations of [the] office." *Sanborn v. Chronicle Publ'g Co.*, 18 Cal.3d 406, 415, 134 Cal. Rptr. 402, 556 P.2d 764 (1976) (internal quotation marks omitted). Defendants themselves characterize the termination as a "typical employment action[ ]." State immunity is therefore inapplicable.

5. If defendants terminated Molina in "reckless or callous indifference" to his constitutional rights, Molina may recover punitive damages. *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal.3d 211, 220, 185 Cal.Rptr. 270, 649 P.2d 912 (1982). Furthermore, Molina's emotional distress claims will not be preempted by California's Workers' Compensation Act if a jury finds that defendants' actions fell outside the scope of normal employment relationships or were in violation of public policy. *Kovatch v. Cal. Cas. Mgmt. Co.*, 65 Cal. App.4th 1256, 1277, 77 Cal.Rptr.2d 217 (1998), *overruled on other grounds by Aguilar v. Atl. Richfield Co.*, 25 Cal.4th 826, 107 Cal.Rptr.2d 841, 24 P.3d 493 (2001). The district court erred in concluding otherwise.

**REVERSED.**